289 P.2d 193

**Horace W. KIMBALL, Appellant,**

v.

**PHOENIX NEWSPAPERS, Inc., a corporation, Appellee.**

No. 5954.

Supreme Court of Arizona.

Oct. 25, 1955.

Moore & Moore, Phoenix, for appellant.

Gust, Rosenfeld, Divelbess & Robinette, and James F. Henderson, Phoenix, for appellee.

LA PRADE, Chief Justice.

This case presents an appeal from a judgment dismissing plaintiff's complaint for libelous publication upon the ground that plaintiff failed to post a bond for security for costs after an order had been made therefor. The motion to require plaintiff to file a cost bond was filed and presented *after* the court had denied defendant's motion for summary judgment.

It is the position of plaintiff-appellant that the trial court was without authority to make the order requiring plaintiff to file a bond securing costs after the court had entertained and tried the issue of law presented by defendant's motion for summary judgment. Plaintiff asserts that the applicable rule relating to security for costs is set forth in Section 21–601, A.C.A.1939, which in part is as follows:

When may be required.—"At any time before trial of an issue of law or fact, on motion of the defendant, supported by affidavit showing [* * * non-resident, etc.], the court shall order the plaintiff to give bond for the security for the costs of the action. * * *"

Defendant's motion for summary judgment read as follows.:

"Comes now defendant, Phoenix Newspapers, Inc., and respectfully moves the Court to enter judgment that the publications complained of as having been published as set forth in Paragraph 2 of Plaintiff's complaint were publications of public interest, communicated by one whose right it was to inform the public of the matter, and that therefore the publication was qualifiedly privileged."

Appellee contends that its motion for security for costs did not come too late, and that the rule set forth in Section 21–601, supra, has no application. Its position is that

"The Motion for Summary Judgment did not ask for a final determination of the rights of the parties or for

judgment against the Plaintiff in part or in full. As appears on the face of the Motion and the Memoranda in support of the Motion for Summary Judgment, the purpose of the Motion was to reach a procedural question, namely, were the publications complained of qualifiedly privileged upon their face. If they were, the Plaintiff would then have the initial burden of proving: (1) a falsity of the publication; and (2) that the publisher published the publications with actual malice, before the Plaintiff could go into the question of actual damages." Defendant took this so-called procedural tack relying on Rule 56(b), Rules Civ.Proc. Section 21–1211, A.C.A.1939, which reads as follows:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or *any* part thereof." (Emphasis supplied.)

In this behalf defendant argues that all it sought by its motion for summary judgment was a particular judgment or determination that the complaint showed on its face that the publications complained of were qualifiedly privileged, and that any determination made on this issue was not a "trial" within the purview of Section 21–601, supra. It is suggested that the word "trial" as used in that section contemplates a

"* * * full public hearing before the Court or to a jury, in which parties are allowed the right of cross-examination, and at which a final determination of the rights of the parties is made."

We do not believe that such has been the understanding of the bench and bar since the adoption of the present section. The antecedent of Section 21–601, supra, was Section 1551 of the Revised Statutes of Arizona, 1901, and carried over in the 1913 Code, Section 643, C.C.1913. In part it provided that:

"At any time before trial, on motion of the defendant, supported by affidavit showing that the plaintiff is a non-resident * * *, the court shall rule the plaintiff to give security for the costs; * * *."

Here it should be noted that the following underscored words of the present section did not appear in the 1901 or 1913 provision:

"At any time before trial *of an issue of law or fact* * * *."

These underscored words first made their appearance in the 1928 Code, Section 3790, R.C.1928. The 1901 provision provided that it was proper for the court to order a cost bond when the request was made "at any time before trial * * *". In Miami Copper Co. v. Strohl, 1913, 14 Ariz. 410, 130

P. 605, 610, the motion for security for costs was not made until one trial of the cause was had. The court said, referring to Section 1551, R.S.A.1901:

"* * * This we think was too late. We have not in mind the meaning of the word 'trial' as used in the statute with reference to the giving of security for costs, as it is not necessary to interpret its meaning on this appeal; that is to say, whether the motion to be in time must be made before the trial of an issue of law or before the trial of an issue of fact. But the general definition is: 'A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact.' "

██ This pronouncement undoubtedly suggested to the 1928 Code Commissioner and the legislature that the doubt would be resolved by having the statute specifically provide that "at any time before trial of an issue *of law* or fact * * *" the court may order plaintiff to give security for costs. By necessary implication *after* an issue of law has been determined the court may *not* make such requirement. It has been rightfully determined that a demurrer to a complaint interposes an "issue of law", the determination of which constitutes a trial by a court. State ex rel. Gibson v. Richardson, 48 Or. 309, 85 P. 225, 228, 8 L.R.A.,N.S., 362. It has also been held that where the facts are undisputed the decision on a motion for summary judgment is on the law. Michigan Lafayette Bldg. Co. v. Continental Bank, 261 Mich. 256, 246 N.W. 53. Likewise we have no difficulty in holding that defendant's motion for summary judgment interposed an issue of law, whether considered partial or final, the determination of which constituted a trial by court within the meaning of Section 21-601, supra.

The judgment is reversed, with instructions to reinstate plaintiff's complaint.

UDALL, WINDES, PHELPS and STRUCKMEYER, JJ., concur.