837 P.2d 1154

Richard D. GRAND, Plaintiff/Appellant,

v.

CIGNA PROPERTY AND CASUALTY COMPANIES, a corporation, Defendant/Appellee.

No. 2 CA–CV 91–0163.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 20, 1992.

Review Denied Oct. 20, 1992.*

Howard A. Kashman, Tucson, for plaintiff/appellant.

* Feldman, C.J., and Zlaket, J., of the Supreme Court, recused themselves and did not partici-pate in the determination of this matter.

Thomas, Burke & Phillips, P.C. by Benjamin C. Thomas and Thomas P. Burke, II, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Presiding Judge.

Appellant Richard Grand contends that the trial court erred in granting summary judgment on the basis of collateral estoppel to appellee Cigna Property and Casualty Companies on his breach of contract and bad faith claims. He also contends that the trial court erred in awarding Cigna attorney's fees. Grand argues that fact questions are present on the issue of whether Cigna's office building package insurance policy covers claims brought against him in another action. We disagree and affirm.

Grand, a Tucson attorney, was sued in January 1988 by three former associates in his law office (the claimants) who claimed that he had misrepresented the amount of compensation they would receive and failed to pay them promised bonuses. One claimant alleged that Grand had breached an agreement to make him a partner. One alleged that he and his wife had been induced to relocate from Phoenix to Tucson by Grand's misrepresentations that he would obtain employment for his wife. Both the complaint and the amended complaint in that case state causes of action only for breach of contract and fraud.

Shortly after the suit was filed, Grand tendered its defense to St. Paul Fire and Marine Insurance Company under a lawyer's professional liability policy and a professional office package policy. St. Paul apparently provided some defense of the case under a reservation of rights and then filed a declaratory judgment action in federal district court against both Grand and the claimants, seeking a declaration that neither policy provided coverage for the suit.

In August 1988 St. Paul filed a summary judgment motion in its lawsuit. Grand responded to the motion and also sought to depose the claimants in order to respond further. Extensive discovery had been conducted in the claimants' lawsuit, but in May 1988, Grand obtained a court order prohibiting dissemination, publication, or use of the information obtained through discovery except to prepare and try the claimants' case.

While the motions were pending in the St. Paul case, Grand tendered defense of the claimants' suit to Cigna pursuant to its policy, stating that the claimants had asserted additional claims against Grand during discovery in their suit. In early December 1988, Cigna issued a reservation of rights letter indicating that it had insufficient information to determine whether coverage existed.

In late January 1989, Cigna retained a Tucson attorney to review the file of Grand's attorney on the claimants' lawsuit and to summarize its contents. Grand responded to the attorney's request for the file by producing copies of the amended complaint and answer, the claimants' answers to interrogatories, Grand's answers to interrogatories, and three letters. The attorney was not permitted to review anything else. After negotiations, Grand furnished twenty volumes of deposition transcripts to the reviewing attorney on February 21.

Meanwhile, on February 16, 1989, the federal district court denied Grand's motion to conduct additional discovery and granted St. Paul's summary judgment motion, finding that neither of St. Paul's policies provided coverage for the claimants' lawsuit.

On March 7, Cigna retained a Los Angeles law firm to render an opinion on whether its policy provided coverage for the claims against Grand. On March 10, Grand agreed to settle the claimants' lawsuit, and on March 16, he wrote Cigna demanding that it pay the settlement amount plus his legal fees. On March 29, after the California law firm determined that Cigna's policy did not cover the claimants' suit, Cigna wrote Grand denying coverage.

In mid-April Grand filed an interpleader action in federal district court alleging that both the federal and state governments might have a tax interest in the claimants'

settlement funds. The claimants counterclaimed, alleging that Grand had failed to honor the settlement agreement. In their answer, the claimants alleged that "they sought to recover damages for personal injuries caused by the conduct described" in their lawsuit. Grand alluded to that answer in the brief he filed when he appealed the granting of summary judgment to St. Paul. The Ninth Circuit Court of Appeals affirmed the summary judgment in a memorandum decision in July 1990. In September 1990, the interpleader action was resolved with Grand paying the settlement amount and the claimants agreeing to have income tax withheld.

Grand filed this lawsuit in May 1990, alleging breach of contract and bad faith in Cigna's denial of coverage. Cigna moved for summary judgment, which the trial court granted, finding that this action is collaterally estopped by the ruling in the St. Paul lawsuit. Grand contends that the trial court erred in finding collateral estoppel, arguing that additional material was presented to the trial court here that was not presented in the St. Paul suit.

The policy at issue here is an office building package policy. Among other things, it provides liability coverage for claims for bodily injury and personal injury. Grand has never contended that the policy provides coverage for the claims actually alleged in the complaint filed by the claimants, acknowledging that the policy expressly excludes coverage for both breach of contract and fraud. Instead, Grand contends that the claims were expanded beyond the scope of the pleadings and now come within the policy coverage because, during their depositions in their lawsuit, the claimants alluded to personal injuries they had suffered.

In his opposition to Cigna's summary judgment motion, Grand contended that the claimants' expanded claims were for "emotional stress, harassment, invasion of privacy, injury to reputation, and emotional harm." Grand only presented evidence, however, on two specific examples. One associate testified that Grand continually read and copied his personal and confidential mail, took his books and put them in Grand's own library, went through his checkbook and desk, and continually harassed him with telephone calls, particularly at night. Another associate testified that he believed his reputation had been "tarnished" because he had worked for Grand. Grand presented no testimony from the third associate in the lawsuit or from either of the two wives who had joined the suit.

## COLLATERAL ESTOPPEL

Grand argues that it was improper for the trial court to find that he was collaterally estopped by the decision in the St. Paul case, contending that additional evidence was presented to the trial court that was not before the federal district court in the St. Paul case, that different issues were raised in the St. Paul case because the policy language is different, and that he had no full and fair opportunity to litigate the issues in that action.

### Additional Evidence

■ Grand is correct that he presented evidence to the trial court here that was not before the federal district court in the St. Paul case. In this case, he produced the claimants' responses to requests for admissions from the interpleader action that he filed after summary judgment was entered in the St. Paul case. In those answers, which were identical, the claimants stated the following:

[I]t is my personal position that the settlement proceeds do not constitute funds for unpaid wages or compensation but represent non-taxable tortious damages for the events that formed the basis of the underlying lawsuit.

Those answers are the sum total of the additional evidence Grand produced.

What was before the federal court, however, were Grand's contentions that the claimants had asserted claims for stress, harassment, invasion of privacy, and personal, emotional, and bodily injury. He argued there that they alleged they had suffered injury because they had relocated to Tucson from Phoenix as a result of

Grand's misrepresentations to them, because Grand had invaded their privacy by calling them at home on weekends, and because their reputations had been injured by their association with Grand. As the Ninth Circuit observed in its decision: "Grand contended that if he were permitted to depose the former employees again in the federal declaratory judgment action, he would be able to establish that they were seeking damages in the state court action for 'personal' and 'bodily' injuries." The additional responses to requests for admissions that were presented to the trial court in this case add absolutely nothing to the allegations made in federal court. They certainly add nothing in the way of evidence. Therefore, we find no merit to Grand's contention that a finding of collateral estoppel was improper on that basis.

### Difference in Issues

■ Grand next argues that collateral estoppel is not applicable because the issue in this case is the availability of coverage pursuant to Cigna's personal injury coverage and the issue in the St. Paul lawsuit was the applicability of its bodily injury coverage. Grand's only written mention of that issue below was a notation in his statement of facts that St. Paul's policy provided coverage for bodily injury and Cigna's coverage distinguished between bodily injury and personal injury. His only argument of that issue was a brief comment during oral argument on the summary judgment motion. He did not produce a copy of the St. Paul policy. The only evidence as to its provisions was provided by Cigna, but that evidence consisted only of a quotation of the definitions of "bodily injury" and "property damage." It is impossible to tell from those excerpts whether or not Grand's assertion that the Cigna policy provides broader coverage is true.

We also note that the Ninth Circuit stated in its decision: "Grand argued that [the emotional distress, invasion of privacy, and injury to reputation] claims came within the 'bodily' and 'personal' injury coverage of the office package policy." We find that Grand failed to produce sufficient evidence to raise a fact issue on his claim that collateral estoppel does not apply because the insurance policies are different.

### Opportunity to Litigate

■ Finally, Grand argues that collateral estoppel does not apply because he was not afforded a full and fair opportunity to litigate the St. Paul lawsuit. In essence, he contends that collateral estoppel is not available because the prior lawsuit was decided on summary judgment rather than after a trial on the merits. We disagree.

In Arizona, a summary judgment is a judgment on the merits. *Union Interchange v. Van Aalsburg,* 102 Ariz. 461, 432 P.2d 589 (1967). It is proper to find that either res judicata or collateral estoppel applies when the previous lawsuit was determined by way of summary judgment. *Dowell v. Ross,* 134 Ariz. 422, 657 P.2d 410 (1982); *El Paso Natural Gas Co. v. State,* 123 Ariz. 219, 599 P.2d 175 (1979), *cert. denied,* 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980); *see also Wetzel v. Arizona State Real Estate Department,* 151 Ariz. 330, 727 P.2d 825 (App.1986), *cert. denied,* 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987). We find no merit to Grand's complaint that neither the claimants' lawsuit nor the St. Paul lawsuit was tried to a jury. Grand voluntarily settled the claimants' lawsuit, and the St. Paul action was determined on summary judgment because Grand failed to raise a factual issue as to coverage under the two policies at issue there. We find no error in the trial court's conclusion that this action is collaterally estopped by the decision in the St. Paul lawsuit.

■ Even if there were some error in that conclusion, however, we find nothing in the evidence Grand presented here that would raise a fact issue as to the existence of coverage under the definition of personal injury in Cigna's policy. That definition reads as follows:

Personal injury means:

Mental suffering caused by the fact that someone was killed or suffered bodily injury, if the original injury or death was covered by this policy.

Damage to someone's reputation or violation of someone's privacy caused by a publication or statement you or another insured make while this policy is in effect.

False arrest, detention or imprisonment.

Malicious prosecution.

Wrongfully entering someone's home, business premises, or other property.

Wrongfully evicting someone from his or her home, business premises, or other property.

Any other wrongful invasion of someone's right of occupancy.

Any infringement of copyright or improper or unlawful use of slogans in your advertising.

(Emphasis deleted.) At oral argument on appeal, counsel was unable to show which, if any, of the above provisions might apply. The only portion of the definition that could even remotely apply to the evidence of personal injury presented here is the paragraph on damage to a person's reputation or violation of a person's privacy. In order for there to be coverage for either, however, the damage must have been caused by a statement or publication by the insured. The evidence Grand produced did not relate any alleged damage to either a statement or a publication by Grand. We conclude, therefore, that summary judgment was properly granted.

### ATTORNEY'S FEE AWARD

■ Grand also argues that the trial court erroneously granted Cigna attorney's fees, contending that the award was improper because Cigna made no claim that it had suffered any financial burden in defending this suit. That argument ignores the fact that a trial court is charged with examining several factors when a fee request is made, none of which is whether the requesting party suffered a burden in defending the case. *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985). We find no abuse of discretion in the award of fees.

Cigna will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

Affirmed.

HATHAWAY and LACAGNINA, JJ., concur.