905 P.2d 595

**Patrick Wayne MANN, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Elizabeth Yancey, a commissioner thereof, Respondent Judge,**

**Julie Ann MANN, Real Party in Interest.**

**No. 1 CA–SA 95–0231.**

Court of Appeals of Arizona,
Div. 1, Department A.

Oct. 31, 1995.

---

**3.** No rules have been adopted.

Law Offices of Cheryl L. Sivic, P.C. by Cheryl L. Sivic, Mesa, for Petitioner.

Andrew G. Galasky, P.C. by David B. Medansky, Tempe, for Real Party in Interest.

## OPINION

CONTRERAS, Judge.

■ This is a petition for special action seeking review of the trial court's orders denying Patrick Wayne Mann's ("Petitioner")

notice of change of judge and motion for reconsideration. Because special action is a proper method to test issues relating to a peremptory challenge of a judge, *Hickox v. Superior Court,* 19 Ariz.App. 195, 197, 505 P.2d 1086, 1088 (App.1973), we previously accepted jurisdiction with an Opinion to follow. This is that Opinion.

### FACTUAL AND PROCEDURAL HISTORY

On July 14, 1995, Petitioner filed a petition for dissolution of marriage. Sometime shortly thereafter, Petitioner filed a petition for temporary orders and order to show cause.[1] Commissioner Elizabeth Yancey was assigned to the case and set the hearing for the petition for temporary orders and order to show cause for September 6, 1995. On August 17, 1995, Respondent and Real Party in Interest Julie Ann Mann ("Respondent") filed her response to petition for temporary orders. On August 23, 1995, Petitioner filed a "Notice of Change of Commissioner" pursuant to Arizona Rules of Civil Procedure 42(f) (Supp.1994). The notice was denied as untimely by Commissioner Yancey for the reason that it was filed more than ten days after she was assigned to the case.

After the denial of the notice of change of commissioner, Petitioner filed a motion for reconsideration, arguing that the hearing on temporary orders to show cause was a "judicial proceeding" and not a "trial," as contemplated by the rule, and therefore he was not required to file a notice of change of judge within ten days after assignment of the case to the commissioner. The commissioner denied Petitioner's motion for reconsideration on the same basis that it was untimely. In interpreting Rule 42(f), Commissioner Yancey ruled that Rule 42 did not distinguish between a "trial" and a "judicial proceeding" and these terms were to be considered the same.

---

1. There is some dispute between the parties as to when the petition for temporary orders and order to show cause was received by Commissioner Elizabeth Yancey. For purposes of this decision, the date is not significant.

Petitioner brought this special action, contending that the notice of change of judge[2] was not untimely because the hearing on the petition for temporary orders and order to show cause was not a trial as contemplated by the rule, and therefore the ten day time limitation within which to file a notice of change of judge was not triggered. Respondent filed her response agreeing with the commissioner that "hearing," "judicial proceeding," and "trial" are one and the same for purposes of the. rule.

## DISCUSSION

■ The only issue before us is whether a "judicial proceeding" in the form of an order to show cause hearing is the same as a "trial" for purposes of interpreting the time limitations of Rule 42(f). We conclude that it is not and grant relief.

Arizona Rules of Civil Procedure 42(f), provides in part:

1. *Change as a Matter of Right.*

    (A) **Nature of Proceedings.** In any action pending in superior court ... each side is entitled as a matter of right to a change of one judge and of *one court commissioner*.... A party wishing to exercise that party's right to change of judge shall file a "Notice of change of Judge."

    ...

    ....

(C) **Time.** Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed sixty (60) or more days before the *date set for trial.* Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial judge within sixty (60) days of the *date set for trial,* a notice shall be timely filed as to the newly assigned judge if filed within ten (10) days after such new assignment and before trial commences. A notice of change of judge is ineffective if filed within three (3) days of a *scheduled proceeding* unless the parties

have received less than five (5) days' notice of that proceeding....

(Emphasis added).

Petitioner contends that because a hearing for temporary orders is not a "trial" in the sense contemplated by Rule 42(f), he was not subject to the ten day limitation and his notice for change of judge was timely since it was filed more than three days before the "scheduled proceeding," i.e., the order to show cause hearing. The parties have not cited, and we have not found, any case directly on point.

We conclude that the use of the word "trial" in Rule 42(f)(1)(C) is not synonymous with "judicial proceeding" or "hearing." Reading the provisions of Rule 42(f) in an integrated manner, we believe the supreme court in promulgating the rule meant exactly what it said; that each side has a peremptory right that must be exercised within ten days after the assignment of the judge or commissioner if such assignment occurs within sixty days of the date set for *trial.*

In amending the rule in October of 1990, the supreme court added the language regarding ineffective notice filed within three days of a *scheduled hearing or other judicial proceeding* because it was the only instance where the notice was found to be disruptive. *See In Re: Petition for Adoption of Amendment to Rule 42(f)1.(C), Rules of Civil Procedure,* Cross–Petition for Adoption, (Filed Feb. 28, 1989) (on file with the supreme court). "[T]he only circumstance where the notice of change of judge procedure was found to be disruptive was where it was filed shortly before a *hearing or other judicial proceeding* for which the judge and other parties had prepared." *Id.* at 4 (emphasis added). Such situation arises where an attorney, having sufficient advance notice of a hearing, waits until the court prepares for the hearing, takes the bench and then exercises a challenge on behalf of the client. This, we believe, was the reason for the amendment adding the language of notice

**2.** Arizona Rules of Civil Procedure 42(f)(1)(A) provides, in part that "each side is entitled as a matter of right to a change of *one judge and of one court commissioner.*" In order to effect the change the rule further provides that a party

"shall file a 'Notice of Change of Judge'." Accordingly, although in this case we are dealing with a "commissioner," we employ the term "Notice of Change of Judge."

being ineffective if filed within three days of a *scheduled proceeding.* Such requirement conserves judicial resources by protecting judges and court commissioners from being noticed after spending time preparing for a *hearing or argument.* Clearly, by adding the amended section dealing with a "scheduled proceeding," the supreme court contemplated notice within the context of a "judicial proceeding" or "hearing" and outside the context of "trial."

We appreciate Commissioner Yancey's concern that to interpret Rule 42(f)(1)(C) in the manner which Petitioner proposes would "eviscerate the rule with regard to the notice that's required to the other side in a case and notice to the Court with regard to the exercise of the notice of change of commissioner or judge, for . . . cases are rarely set for trial at the same time that hearings on order to show cause for temporary orders are scheduled or heard." In our opinion, however, the supreme court amendment to Rule 42(f)(1)(C) addressed and satisfied this concern when it added the language that a notice is ineffective if filed less than three days prior to a previously scheduled proceeding and the party filing it had five days' notice of the identity of the judge.

█ Concluding that "judicial proceeding" or "hearing" is not synonymous with "trial" for purposes of time limitation in Rule 42(f), we further conclude that Petitioner timely filed his notice of change of judge. The rule permits filing the notice of change of judge where it is filed more than three days prior to a previously scheduled proceeding and the party filing the notice had at least five days' notice of the assigned judge. Here, the court received Petitioner's petition for temporary orders and order to show cause on July 14, 1995. Commissioner Yancey was assigned to the case and signed the order to show cause re: temporary orders on July 18, 1995, and set the matter for hearing on September 6, 1995. Petitioner filed the notice of change of judge August 23, 1995. Assuming, as did Commissioner Yancey, that Petitioner received the signed order no later than July 28, 1995, setting the matter for hearing before Commissioner Yancey, Petitioner could file his notice of change of judge up until

three days prior to the hearing which would be September 3, 1995. Petitioner filed his notice of change of judge on August 23, 1995, which was clearly within the permitted time limits. Thus, we find that Petitioner filed a timely notice of change of judge.

## CONCLUSION

For the reasons set forth above, we vacate the orders of the trial court denying the notice of change of judge and motion for reconsideration. Jurisdiction is accepted, and relief is granted.

NOYES, P.J., and GERBER, J., concur.