919 P.2d 1376

Barbara **VALENZUELA**, et al., Petitioners/Plaintiffs in Intervention,

v.

The Honorable Michael J. **BROWN**, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,

and

RONALD JOHN **SMITH** and COMPANIES (Plaintiffs in Cause No. 251422); Associated Aviation Underwriters (Plaintiff in Cause No. 251462); United States Aviation Underwriters, Inc., on Behalf of the United States Aircraft Insurance Group (Plaintiffs in Cause No. 253897); Interstate Fire & Casualty Co. and Chicago Insurance Co. (Plaintiffs in

---

Cause No. 257074); Brian Eustice Beagley, et al. (Plaintiffs in Cause No. 269605) [All Five Actions Previously Were Consolidated Under Cause No. 251422 and Also Placed Under Seal], Real Parties in Interest/Plaintiffs.

No. 2 CA–SA 96–0006.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 9, 1996.

Review Denied July 2, 1996.

Baron & Budd, P.C. by Frederick M. Baron, LeAnne Jackson, Dallas, Texas, and Janice Pennington, Tucson, and Gonzales & Villarreal, P.C. by Richard J. Gonzales, Tucson, for Petitioners/Plaintiffs in Intervention.

Mitten, Goodwin & Raup by Roger C. Mitten and Edward R. Glady, Jr., Phoenix, for Real Party in Interest/Plaintiff United States Aviation Underwriters, Inc.

Gust Rosenfeld by H. William Fox and Peter Collins, Jr., Phoenix, for Real Party in Interest/Plaintiff Associated Aviation Underwriters.

Lord, Bissell & Brook, P.C., Chicago, Illinois, and Lesher & Lesher, P.C. by Robert O. Lesher, Tucson, for Real Parties in Interest/Plaintiffs Smith and Companies and Beagley and Companies.

Hathaway & Goering, P.A. by Milton W. Hathaway, Jr., Phoenix, and Rivkin, Radler & Kremer by Anthony R. Gambardella and Michael E. Buckley, Uniondale, New York,

for Real Parties in Interest/Plaintiffs Interstate Fire & Cas. Co. and Chicago Ins. Co.

## OPINION

PELANDER, Judge.

In this special action we are asked to decide whether a party is entitled to a peremptory change of judge under Ariz.R.Civ.P. 42(f)(1)(E), 16 A.R.S., after the dismissal of the party's case by summary judgment has been reversed on appeal. We answer that question in the affirmative and necessarily conclude that the respondent trial judge abused his discretion in denying petitioners that right. Petitioners have no "equally plain, speedy, and adequate remedy by appeal," Ariz.R.P.Spec. Action 1 and 4, 17B A.R.S., and a special action is the proper method for obtaining review of the denial of a change of judge. *Mann v. Superior Court,* 183 Ariz. 586, 905 P.2d 595 (Ct.App.1995); *Scarborough v. Superior Court,* 181 Ariz. 283, 889 P.2d 641 (App.1995). We accept jurisdiction and grant relief.

In 1988, over 1,600 Tucson residents filed suit against the City of Tucson (the City) and the Tucson Airport Authority (TAA) for damages allegedly caused by exposure to toxins deposited on TAA property which purportedly permeated the underlying groundwater aquifer. TAA and the City looked to numerous insurers to provide them with a defense and coverage. The insurers and various underwriters (collectively referred to as the insurers) agreed to defend under a reservation of rights and filed declaratory judgment actions against TAA and the City for a determination of whether the policies provided coverage for the claims. Petitioners, claimants in what have been referred to as the *Valenzuela/Gerardo* lawsuits, entered into *Morris* agreements [1] with TAA and the City in August 1989 and moved to intervene in the declaratory judgment actions. Pursuant to a stipulation by petitioners, TAA, the City and the insurers, the cases were permanently assigned to the Honorable Robert Buchanan. Judge Buchanan then granted the motion to intervene and consolidated the declaratory judgment actions.

In November 1992, Judge Buchanan granted the insurers' motion for partial summary judgment against petitioners, concluding that the claims were not covered by the policies. Petitioners appealed and this court reversed. *Smith v. TAA,* 180 Ariz. 165, 882 P.2d 1291 (App.1994) (opinion depublished July 14, 1995). In August 1995, this court issued its mandate, remanding the case to the trial court for "such proceedings ... as shall be required to comply with" the memorandum decision. Petitioners timely filed a notice of change of judge, seeking the removal of Judge Buchanan. The insurers/real parties in interest filed motions to strike and oppositions to the notice of change of judge. Respondent, the presiding judge of Pima County Superior Court, denied the change of judge and this special action followed.

Rule 42(f)(1)(A) provides, in pertinent part, that "[i]n any action pending in superior court ... each side is entitled as a matter of right to a change of one judge and of one court commissioner." Rule 42(f)(1)(E) provides as follows:

> Cases Remanded From Appellate Courts. When an action is remanded by an appellate court and the opinion or order requires a new trial on one or more issues, then all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver.

The question we must answer is whether this court's reversal of the summary judgment against petitioners is equivalent to a remand for a new trial for purposes of the rule. We hold that where, as here, the summary judgment is a final adjudication on the merits, disposing of all the claims at issue, and cannot be characterized as interlocutory, Rule 42(f)(1)(E) provides the parties after reversal and remand with the right to a peremptory challenge under Rule 42(f)(1)(A).

The gravamen of the insurers' argument is that Rule 42(f)(1)(E) does not apply because petitioners' case was not remanded by this court for a new trial, there never

---

1. *United Services Automobile Ass'n v. Morris,* 154 Ariz. 113, 741 P.2d 246 (1987). Pursuant to that agreement, judgment was entered in the underlying tort action for $35,000,000.

having been a trial in the first place. Insisting that the rule must be strictly and narrowly construed, they contend that the granting of a motion for summary judgment is not the same as a trial. We conclude that the summary judgment granted in this case was the equivalent of a trial because it disposed of all of petitioners' substantive claims on the merits. Under the circumstances, the reason for the rule—avoiding the possibility of judicial bias after reversal and remand—is as applicable as if there had been a trial. *See King v. Superior Court*, 108 Ariz. 492, 502 P.2d 529 (1972).

The insurers assert that as a general rule summary judgments cannot be equated with a trial. In *Kimball v. Phoenix Newspapers*, 79 Ariz. 322, 325, 289 P.2d 193, 196 (1955), however, our supreme court held that the word "trial" in a cost bond statute which required a plaintiff to post a cost bond when the defendant requested it "before trial of an issue of law or fact," included determination of an issue by summary judgment. A.C.A. § 21–601 (1939). As the court in *Kimball* noted, a trial is " 'the judicial examination of the issues between the parties, whether they be issues of law or of fact.' " 79 Ariz. at 325, 289 P.2d at 196. *See also Black's Law Dictionary* at 1504 (6th ed. 1990). A summary judgment entered by the court after it decides the merits as a matter of law and essentially disposing of the entire cause of action is no different than a judgment entered following a jury verdict, bench trial, or directed verdict granted during trial. Indeed, like a judgment rendered after a "formal" trial, a summary judgment on the merits may preclude relitigation of the issues and claims under principles of collateral estoppel and res judicata. *Pottratz v. Davis*, 588 F.Supp. 949 (D.Md.1984); *Dowell v. Ross*, 134 Ariz. 422, 657 P.2d 410 (1982); *Grand v. Cigna Property and Casualty Companies*, 172 Ariz. 419, 837 P.2d 1154 (App.1992).

Contrary to the insurers' contention, our construction of the term "trial" in this context is not at odds with the decision by Division One of this court in *Mann v. Superior Court*, 183 Ariz. 586, 905 P.2d 595. The court in that case determined that an order to show cause hearing for temporary orders in a domestic action was not a trial for purposes of the Rule 42(f)(1)(C) time limits for exercising a peremptory challenge. The decision was based on the fact that an amendment to the rule in October 1990 added a separate three-day notice requirement for a "scheduled hearing or other judicial proceeding," distinguishing trials from other hearings or proceedings. The case does not stand for the proposition that Rule 42(f)(1)(E)'s use of the word "trial" can only mean a final disposition of the entire case after receiving live testimony.

The insurers' reliance on *Engineers v. Sharpe*, 117 Ariz. 413, 573 P.2d 487 (1977), for the general proposition that a summary judgment cannot be treated as a trial is also misplaced. Stating that "style should not control substance," our supreme court held that a motion for reconsideration of the granting of a defendant's motion for summary judgment could be regarded as a motion for new trial under Rule 59 even though there had not been an actual trial. However, the court also held that the defendant had no statutory appeal right under A.R.S. § 12–2101(F) from the order vacating the summary judgment. The court did not base that conclusion on the fact that there had never been an actual trial. Rather, although the summary judgment had been an appealable order, the order vacating it was a special order for which there was a right to appeal under A.R.S. § 12–2101(C).

We view the import of *Sharpe* to be that orders and judgments must be considered in context and that form should not be elevated over substance. It is with this principle in mind that we turn to the question of whether the summary judgment granted against the petitioners in this case was the equivalent of a trial for purposes of Rule 42(f)(1)(E). To make that determination, we consider whether the judgment was a final adjudication of petitioners' claims or instead in the nature of an interlocutory decision, with the trial court retaining jurisdiction over other related matters in the consolidated actions. *See Castillo v. Industrial Comm'n*, 21 Ariz.App. 465, 520 P.2d 1142 (1974).

Although the insurers' motion was called a partial motion for summary judgment and

may have been based primarily on the claim that there could be no liability under landlord-tenant theories of vicarious liability, the trial court's judgment was all-encompassing, declaring that the insurance policies did not provide coverage for the judgment in the *Valenzuela/Gerardo* litigation. The summary judgment, entered as final pursuant to Ariz.R.Civ.P. 54(b), disposed of all of petitioners' claims and effectively ended the litigation as to them. The judgment was on the merits. Our decision remanding the case to the trial court was, in effect, no different than a remand for a new trial after a judgment has been vacated on appeal from a jury verdict, bench trial or directed verdict.

In urging that the summary judgment granted in November 1992 be characterized as interlocutory in nature, the insurers contend that while petitioners pursued their appeal from that judgment, the declaratory actions proceeded and Judge Buchanan continued to decide issues unresolved by the summary judgment. It appears from the record, however, that petitioners were no more than passively involved in the litigation, taking measures to keep themselves apprised of the developments pending the outcome of their appeal. The limited steps taken by petitioners, including obtaining court authority in June 1994 to participate in discovery, were understandable in light of the fact that while this court's decision was filed on February 17, 1994, the mandate did not issue until August 1995. Nothing in the record before us shows that there was any ongoing, active litigation initiated by petitioners on issues unrelated to the summary judgment, or that they had any unresolved substantive claims still pending with the trial court after it entered summary judgment against them.

The insurers make much of the fact that the Interstate Fire & Casualty Company and Chicago Insurance Company did not participate in the summary judgment and their action (Pima County Cause No. 257074), in which petitioners were still intervenors, was pending and active. Both companies are excess carriers, however, whose insuring obligations are contingent upon the finding of coverage owed by the primary carriers and whose positions were entirely dependent on the summary judgment and its outcome on appeal.

Our conclusion that Rule 42(f)(1) applies here is consistent with the purpose of the 1971 amendment which added subsection (E). The rule was amended in response to *State v. Neil*, 102 Ariz. 110, 425 P.2d 842 (1967), in which our supreme court held that a change of judge after a trial court's reversal on appeal had to be based on cause. State Bar Committee Notes to 1971 amendments, Ariz. R.Civ.P. 42(f)(1)(F). The dissent in *Neil* emphasized that, unlike a mistrial after which there is no final judgment, a final judgment leaves no ultimate issues to decide. The dissent pointed to the particular importance of permitting the change as a matter of right after an appeal because of the possibility that after entry of such a judgment the judge hearing the first trial could have preconceived notions about the outcome.

After the rule was amended, the court in *King v. Superior Court* noted the underlying policy of the change: "In the case of an appeal, reversal and a remand for a new trial, it is always possible that the trial judge may subconsciously resent the lawyer or defendant who got the judgment reversed. The mere possibility of such a thought in the back of a trial judge's mind means that a new judge should be found." 108 Ariz. at 493, 502 P.2d at 530. Where, as here, the judge has made a decision on the merits of the case, he has shown unequivocally what he believes the proper outcome of the case to be, even more so, perhaps, than if the case had been tried to a jury. The judgment now having been reversed, the policy reasons for permitting a change of judge as a matter of right on remand are all the more apparent.

That Judge Buchanan has been sitting on this case since 1989 and has been educated over the years on issues all parties characterize as complex is not a reason for denying a party its right under Rule 42(f)(1)(E). As we stated in *Lewis v. Kelliher*, 171 Ariz. 228, 829 P.2d 1274 (App.1992), judicial economy is not a basis for denying a party the right to an automatic change of judge.

▮ Finally, we turn to the insurers' argument that petitioners waived any right

to a peremptory challenge they may have had by stipulating to the permanent assignment of the consolidated cases to Judge Buchanan. The rule provides that on remand "all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver." Ariz.R.Civ.P. 42(f)(1)(E). There is nothing ambiguous about this part of the rule. "No event" is extremely broad and means just that: nothing occurring in the first trial waives the right.

Insurer United States Aviation Underwriters (USAU) argues that the stipulation was made pursuant to Rule 42(f)(1)(F), which precludes any change of judge after an agreement is reached. That provision, however, simply encourages parties to agree on a judge to whom a case may be assigned when one party has filed a notice of change of judge. *See* State Bar Committee Notes to 1971 amendments, Rule 42(f)(1)(F). The subsection must be read together with Rule 42(f)(1)(E). So viewed, the stipulation was an "event connected with the first trial" and may not be regarded as a waiver of the right to change of judge after reversal and remand.

Insurer USAU also argues, inconsistently we believe with its prior argument, that Rule 42(f)(1)(E) must be read together with Rule 42(f)(1)(D), which provides that a party waives the peremptory right to a change of judge

> when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party agrees to the assignment or participates before that judge in:
>
> > (i) Any scheduled contested matter in the case; or
> >
> > (ii) A scheduled pretrial hearing or conference; or
> >
> > (iii) The commencement of a trial.

USAU contends that only the above events may constitute a waiver under Rule 42, and that Rule 42(f)(1)(E)'s reference to "no event connected with the first trial" only encompasses those three events specifically described in Rule 42(f)(1)(D) and not stipu-

lations. If that were the supreme court's intent, we believe it would have so indicated in Rule 42(f)(1)(D) or Rule 42(f)(1)(E). The purpose of Rule 42(f)(1)(D) is to put litigants on notice that a waiver will be inferred from certain conduct and under specified circumstances. The three ways the right can be waived inferentially, however, are not exclusive inasmuch as the right to a peremptory change of judge can be waived by express agreement, as Rule 42(f)(1)(F) provides.

We conclude that the respondent trial judge abused his discretion in denying petitioners a change of judge as a matter of right. We accept jurisdiction and grant relief, remanding this matter for further proceedings consistent with this decision.

LIVERMORE, P.J., and FERNANDEZ, J., concur.