**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois corporation; VALLEY FORGE INSURANCE COMPANY, a Pennsylvania corporation, | No. 21-16948 |
| | D.C. No. 2:19-cv-05163-DJH |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM* |
| NANCY CULVER; et al., | |
| Defendants-Appellants, | |
| and | |
| PLATINUM TRAINING LLC, a Nevada limited liability company; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 13, 2025
Pasadena, California

Before: R. NELSON, LEE, and SUNG, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs Continental Casualty Company and Valley Forge Insurance Company (collectively, "Continental") filed this action seeking a declaratory judgment that it has no duty to defend or indemnify Stephen Gore for a $58.5 million state court judgment against him for his mishandling of donated bodies. Defendants Nancy Culver, Jill Hansen, Debbie Beaugez, Tanya Caruso, Nancy Cooper, Lee Ann Druding, Agnes Hansen, Troy Harp, Gwen Timmerman, and Gwendolyn Aloia ("Claimants") are relatives of the individuals whose bodies Gore mishandled. Claimants appeal the district court's grant of summary judgment on the indemnification issue in favor of Continental. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's summary judgment ruling de novo. *See Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1160 (9th Cir. 2016). We affirm.

The district court correctly held Continental has no duty to indemnify Gore because Claimants are collaterally estopped from relitigating the issue of Gore's relationship with Platinum Training LLC ("Platinum"), which necessarily determines the issue of Gore's coverage under Platinum's insurance policy ("Policy") with Continental. "Collateral estoppel, or issue preclusion, binds a party to a decision on an issue litigated in a previous lawsuit if the following factors are satisfied: (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was

2

essential to the decision, and (5) there is common identity of the parties." *Campbell v. SZL Props., Ltd.*, 62 P.3d 966, 968 (Ariz. Ct. App. 2003). "If the first four elements of collateral estoppel are present, Arizona permits defensive, but not offensive use of the doctrine." *Id.*; *see also Standage Ventures, Inc. v. State*, 562 P.2d 360, 364 (Ariz. 1977).

All five collateral estoppel elements are satisfied here. First, Gore's relationship with Platinum—and thus, whether Gore was insured under the Policy—"was actually litigated in the previous proceeding." *See Campbell*, 62 P.3d at 968. Claimants argue Gore was insured in three ways: (1) as an "employee" of Platinum, (2) as a "volunteer worker" for Platinum, and (3) as a "member" of Platinum. The Arizona state courts previously held that Platinum was not vicariously liable for Gore's conduct at issue here because Gore was not acting as Platinum's employee or agent. *See Beecher v. Biological Res. Ctr. Inc*, No. CV 2015-013391, 2019 WL 4459892, at *4 (Ariz. Super. Ct. June 19, 2019), *aff'd*, *Aloia v. Platinum Med. LLC*, No. 1 CA-CV 20-0176, 2021 WL 1696122, at *2-3 (Ariz. Ct. App. Apr. 29, 2021). The Arizona courts' vicarious liability ruling necessarily precludes Claimants' three insurance theories. The Policy covers "'employees,' . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business." The Arizona courts expressly held Gore was not acting as Platinum's employee. Contrary to

3

Claimants' argument, Gore does not independently qualify under the phrase "while performing duties related to the conduct of your business." That phrase modifies "employees," meaning Gore must first qualify as an employee to be insured. The Policy also covers "volunteer workers," defined as a person who "acts at the direction of and within the scope of duties determined by you." Because the Arizona courts held Gore was not acting as Platinum's agent, Gore could not be insured as a "volunteer worker." *See Scottsdale Jaycees v. Superior Ct. of Maricopa Cnty.*, 499 P.2d 185, 188 (Ariz. Ct. App. 1972) (explaining that volunteers are agents when acting "within the course and scope of their duties"). Finally, the Policy covers "members . . . but only with respect to the conduct of your business." The Arizona Court of Appeals held that Claimants failed to establish a disputed issue of material fact "that any of Gore's wrongful conduct was *in furtherance of* Platinum's medical-education business." *Aloia*, 2021 WL 1696122, at *3 (emphasis added). Claimants cite no law to support the proposition that the Policy's "with respect to the conduct of" language is broader than the Arizona Court of Appeals' "in furtherance of" language. Thus, the Arizona Court of Appeals' ruling precludes Claimants' argument that Gore could be insured as a "member."

The remaining collateral estoppel elements are also satisfied. "[T]he parties had a full and fair opportunity and motive to litigate the issue," *Campbell*, 62 P.3d

4

at 968, because Claimants litigated the summary judgment motion in state court that resulted in the vicarious liability ruling. Next, "a valid and final decision on the merits was entered," *id.*, because the Arizona trial court's vicarious liability ruling was a summary judgment ruling and affirmed by the Arizona appellate court. *See Grand v. Cigna Prop. & Cas. Companies*, 837 P.2d 1154, 1157 (Ariz. Ct. App. 1992). Additionally, a determination of whether Gore acted as Platinum's employee or agent was "essential" to the state court's vicarious liability ruling. *Campbell*, 62 P.3d at 968. Finally, while there is no "common identity of the parties," *id.*, Continental's use of collateral estoppel is permissible because it is defensive in nature when invoked by the plaintiff in a declaratory judgment action. *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952).[1]

Claimants' remaining arguments are either without merit or rendered moot.

**AFFIRMED.**

---

[1] Claimants forfeited their conflict-of-interest argument based on *Farmers Ins. Co. of Arizona v. Vagnozzi*, 675 P.2d 703 (Ariz. 1983), by failing to raise it in the district court. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("Generally, arguments not raised in the district court will not be considered for the first time on appeal.").