502 P.2d 529

Joseph L. KING and Bette King, husband and wife, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, et al., Respondents.

No. 11000.

Supreme Court of Arizona,
In Banc.
Oct. 26, 1972.

Kenneth S. Scoville, Harold R. Scoville and Leroy W. Hofmann by Leroy W. Hofmann, Phoenix, for petitioners.

Snell & Wilmer by John J. Bouma, Phoenix, for respondents.

HAYS, Chief Justice.

This case is before us on a petition for special action brought by Joseph and Bette King against the Superior Court of Maricopa County, two judges thereof, and Dr. Thomas H. Taber, Jr., real party in interest. We accepted jurisdiction on October 3, 1972.

The Kings are plaintiffs in a malpractice action in the Superior Court, where Dr. Thomas H. Taber, Jr., is the defendant. The parties stipulated in writing that the case would be tried before the Honorable Anthony T. Deddens, a judge of that court. It was tried to a jury in his court and resulted in a mistrial on November 8, 1971. On December 29, 1971, we amended

R.C.P. 42(f), 16 A.R.S., the amendment to take effect on March 1, 1972. On February 16, 1972, the defendant informally asked Judge Deddens to disqualify himself, but he refused. Shortly thereafter, defendant filed a formal motion for change of judge, accompanied by affidavits of bias and prejudice, and a demand for trial by jury on the question of bias and prejudice. On June 8 Judge McFate denied the request for a jury trial, ruled that defendant was not entitled to an automatic change of judge, and set a hearing date for the issue of bias and prejudice.

On July 11, defendant filed a new "Notice of Change of Judge," pursuant to R.C.P. 42(f) as amended, again raising the question of whether the amended rule entitled him to an automatic change of judge. Judge McFate reconsidered his June 8 order and ruled that defendant was entitled to one change of judge under the amended rule. Having so ruled, he found it unnecessary to pass on the issue of actual bias and prejudice. The plaintiffs contested the ruling, on the ground that defendant waived his right because the case had already been tried on its merits, and they seek by this action, to prohibit the trial of the malpractice suit in any court other than that of Judge Deddens.

Prior to our amendment to R.C.P. 42(f), it was well-settled that a party had a right to a peremptory challenge of one judge, unless he had waived that right by participating in some proceeding on the merits of the case. The change of judge was accomplished by an affidavit of bias and prejudice which was a mere form and not intended or required to be true. State v. Neil, 102 Ariz. 110, 112, 425 P.2d 842.

The amendment to R.C.P. 42(f) reads as follows:

"When an action is remanded by an appellate court and the opinion or order requires a new trial on one or more issues, then all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver."

Defendant contends that the above language applies not only to cases remanded after an appeal, but also to cases ending in a mistrial. His authority for that position is *Neil, supra,* in which we said: "The procedure in a [new] trial after reversal is substantially the same as that after a mistrial." That case, however, was decided in 1967—five years before the effective date of our 1972 amendment. To bring that language up to date, it would have to be changed to: "Except for the right to challenge the judge peremptorily, the procedure is substantially the same after reversal as it is after a mistrial." The amendment to the rule specifically mentions new trials after appeals; it does not mention new trials after mistrials. There is an important reason for our refusal to extend the new language to include new trials after mistrials. In the case of an appeal, reversal and a remand for a new trial, it is always possible that the trial judge may subconsciously resent the lawyer or defendant who got the judgment reversed. The mere possibility of such a thought in the back of a trial judge's mind means that a new judge should be found. In the instant case, both parties stipulated that Judge Deddens should hear the case, so there is ample cause to believe that neither party thought he was biased or prejudiced before the trial. If some of his rulings were not as agreeable to a party as he would like, that is no reason to change the judge. If bias and prejudice has arisen since the beginning of the first trial, it may be shown as cause for a change of judge. Otherwise, the retention of the same judge will result in a better understanding by him and perhaps a shortening of the trial. For example, if the instructions were unobjectionable and the evidence is practically the same, they can be reused with little or no modification.

Defendant also argues that a mistrial places the parties in the same position as if the case had never been tried. This is a correct statement of the law, but it ignores the fact that it also leaves the parties with

**494**

a stipulation that the case should be heard by Judge Deddens.

Defendant also argues that his acts before and during the first trial cannot be a waiver of his peremptory challenge, because the right to challenge did not exist then, and did not come into effect until March 1, 1972. It may be true that a technical definition of "waiver" as the voluntary relinquishment of a known right makes it hard to classify defendant's actions as waivers. But what the rule means is that the right to a peremptory challenge against the trial judge is lost as soon as the parties have reason to know how he feels about any aspect of the merits of the case. Whether the right to challenge is lost because of this knowledge or because of a voluntary waiver, is not important. Plaintiffs lost that right and cannot now have a new judge without proving actual bias or prejudice.

Defendant's argument that the right to a peremptory challenge is a new right that came into existence only by the amendment to the rule, is not sound. He had that right before the rule was amended; only before, he had to file an affidavit of prejudice, while now he must file instead, a "Notice of Change of Judge." The old affidavit of bias and prejudice was really the same thing. As we said in *Neil, supra*: ". . . such affidavits . . . are, in effect, a peremptory challenge to the trial judge and . . . he has no discretion in passing thereon."

It is therefore ordered that the order of Judge McFate dated September 6, 1972, be vacated, and that said judge proceed to hear evidence on the issue of whether Judge Deddens is actually biased or prejudiced against defendant.

CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.