574 P.2d 49

Susan EVANS, Petitioner,

v.

James E. EVANS, and the Hon. John P. Collins, Judge of the Superior Court, in and for the County of Pima, Respondents.

No. 2 CA–CIV 2753.

Court of Appeals of Arizona, Division 2.

Nov. 17, 1977.

Rehearing Denied Dec. 20, 1977.

Review Denied Jan. 24, 1978.

Michael J. Vingelli, Tucson, for petitioner.

Leighton H. Rockafellow, Tucson, for respondent James E. Evans.

OPINION

RICHMOND, Judge.

This special action proceeding is a sequel to our decision in *Evans v. Evans*, 116 Ariz. 302, 569 P.2d 244 (App.1977). We are now presented with the question of the respondent court's denial of a request for change of judge.

In *Evans v. Evans*, supra, an order modifying the child custody provisions of a dissolution decree was vacated and we remanded the case for further proceedings.[1] In reversing the custody modification order, we held it was error to modify custody without affording both parents an opportunity to present evidence of all the circumstances which might affect the court's determination of the primary question, i. e., what would be in the best interests of the minor child.

■ We recognized that a superior court judge sitting in juvenile court may, at the termination of a child's dependency status, make an appropriate determination of permanent custody in a dissolution action. Although one judge may sit as juvenile court judge and in the dissolution action at the

1. The order also dismissed a dependency petition, the court finding that the minor child of the parties was not a dependent child. (The court on its own motion had ordered consolidation of cause No. D–4057, the dissolution case, with the juvenile cause.)

same time, jurisdiction of the juvenile court ceases at the termination of the juvenile proceedings. *McClendon v. Superior Court*, 6 Ariz.App. 497, 433 P.2d 989 (1967).

Rule 42(f)1.(E), 16 A.R.S. Rules of Civil Procedure, provides:

"When an action is remanded by an appellate court and the opinion or order requires a new trial on one or more issues, then all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver."

This rule controls the situation here. In *Evans v. Evans*, supra, we remanded the issue of child custody modification for further proceedings in the dissolution action. While there was no impediment to the respondent judge hearing and determining the custody issue as a superior court judge, petitioner's timely request for a change of judge should have been honored. The case of *Hofstra v. Mahoney*, 108 Ariz. 498, 502 P.2d 1317 (1972) is not apposite. In *Hofstra,* the supreme court held that the right to a peremptory challenge of a judge in a modification proceeding is waived by trying the original divorce case before him. Here the respondent judge did not try the original case and thus could be automatically disqualified. Petitioner's request for a change of judge should have been granted and the respondent judge had no jurisdiction to do other than transfer the matter to another judge. *Hordyk v. Farley*, 94 Ariz. 189, 382 P.2d 668 (1963).

The petition for special action is granted and the filing of this opinion shall constitute a mandate to transfer the cause to another judge.

HOWARD, C. J., and HATHAWAY, J., concur.