128 P.3d 239

Paul Brian ANDERSON,
Petitioner/Appellant,

v.

The Honorable Connie CONTES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Amal Anderson, Real Party in Interest.

No. 1 CA–SA 05–0266.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 14, 2006.

As Amended March 8, 2006.

7. A "claim" includes "liabilities of the estate that arise at or after the death of the decedent."

A.R.S. § 14–1201(6) (2005).

Roger D. Smith Attorney at Law by Roger D. Smith, Scottsdale, Attorneys for Appellant.

Jaburg & Wilk, P.C. by Kathi Mann Sandweiss, Roger L. Cohen, Adam Seymour Kunz, Phoenix, Attorneys for Real Party in Interest.

## OPINION

HALL, Presiding Judge.

¶ 1 In our previous memorandum decision in this matter, we remanded two issues for further consideration by the trial court. Paul Brian Anderson (Father) thereafter filed a Notice of Change of Judge pursuant to Arizona Rules of Civil Procedure (Rule) 42(f)(1)(E), which entitles a party to a change of judge as a matter of right when one or more issues in a case are remanded for a "new trial." When the trial court denied

Father's request, he filed this special action challenging the denial. We conclude that our decision did not constitute a remand for a new trial and that Father is therefore not entitled to a change of judge as a matter of right.

### I.

¶ 2 This special action arises from a post-dissolution dispute between Father and Amal Anderson (Mother). The parties' marriage was dissolved pursuant to a stipulated decree of dissolution entered by the superior court in 1994. In April 2001, Mother filed a request to enforce child support and collect arrearages. In June 2001, Father filed a petition to modify custody, child support, and parenting time. In their joint pretrial statement, the parties stipulated that Mother owed Father $10,850.00 in principal for non-payment of an obligation arising out of her post-divorce use of a BMW automobile leased by Father. They also agreed that, with interest, Mother's total obligation was $18,862.08. The parties further agreed that this obligation could be set off against any child support arrearage determined to be owed by Father to Mother.

¶ 3 The trial court resolved the various issues in two minute entry rulings and awarded Mother $8,000.00 in attorneys' fees based "principally on the reasonableness each party has taken throughout the proceedings." *See* Ariz.Rev.Stat. (A.R.S.) § 25–324 (2000). Father appealed. In our memorandum decision, we affirmed in part but remanded in part "for further proceedings" on Father's claims that the trial court failed to award him interest on the BMW debt and that the award of attorneys' fees was improper. *Anderson v. Anderson*, 1 CA–CV 04–0486 (Ariz.App. March 31, 2005).

¶ 4 When the case was returned to the superior court, the trial judge that previously presided over the case scheduled the remanded issues for an evidentiary hearing to be heard at the same time as other pending matters.[1] Father filed a Notice of Change of

---

1. During the pendency of the appeal, Father had filed a petition to modify child support, and

Mother had filed a petition to hold Father in contempt for non-payment of child support.

Judge pursuant to Rule 42(f)(1)(E), which provides:

> When an action is remanded by an appellate court and the opinion or order requires a new trial on one or more issues, then all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver.

The trial court denied Father's request, resetting the evidentiary hearing on the issues unrelated to the remand but limiting the remanded issues to oral argument based "on the evidence presented at the time of trial in 2003." Father then filed this special action. Because the denial of a motion for change of judge can only be challenged via special action, *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996), and because the meaning and application of Rule 42(f)(1)(E) is a question of statewide importance to the judiciary and the litigants who come before it in civil matters, *Brush Wellman, Inc. v. Lee*, 196 Ariz. 344, 346, ¶ 5, 996 P.2d 1248, 1250 (App.2000), we previously accepted jurisdiction but denied relief with a written decision to follow. We now issue this Opinion.

## II.

¶ 5 The issue in this special action is whether our memorandum decision entitles Father to a change of judge as a matter of right pursuant to Rule 42(f)(1)(E) because it "requires a new trial on one or more issues[.]" We review the trial court's denial of Father's peremptory notice for an abuse of discretion,[2] *Valenzuela v. Brown*, 186 Ariz. 105, 110, 919 P.2d 1376, 1381 (App.1996), but its interpretation of subsection E is a matter of law that we review de novo. *State v. Old West Bonding Co.*, 203 Ariz. 468, 471, ¶ 9, 56 P.3d 42, 45 (App.2002).

¶ 6 Father premises his argument with the black-letter proposition that a "trial" is "the judicial examination of the issues between the parties, whether they be issues of law or of fact." *Valenzuela*, 186 Ariz. at 108, 919 P.2d at 1379 (citing *Kimball v. Phoenix*

*Newspapers*, 79 Ariz. 322, 325, 289 P.2d 193, 196 (1955)). Hence, a *new* trial is a judicial reexamination of the issues between the parties. *See Wright v. Leyda*, 67 Ariz. 241, 244, 194 P.2d 441, 444 (1948); *see also* Black's Law Dictionary 1504 (8th ed.2004) (defining a new trial as a postjudgment retrial or reexamination of some or all of the issues determined in an earlier judgment).

¶ 7 Father then asserts that the remanded issues of interest and attorneys' fees cannot be resolved without the trial court reexamining contested issues of fact and/or law, and that such proceedings will be the equivalent of a new trial. Specifically, as to the interest issue, he contends that issues of fact exist regarding when the parties' respective obligations arose that may impact the calculation of interest, and that the judgment on remand should further reflect the additional interest that has since accrued on the parties' respective obligations. Similarly, Father contends that the trial court, in redetermining the attorneys' fees issue, will be required to reweigh the factors that went into its original finding that Father took unreasonable positions during the litigation. He therefore reasons that he is entitled to a change of judge as a matter of right pursuant to Rule 42(f)(1)(E).

¶ 8 Mother responds that the trial court can resolve the matter of Father's entitlement to interest as part of the parties' setoff agreement by using its previous findings and the parties' stipulation to simply adjust the net judgment, characterizing such action as essentially "ministerial." *See Stegs Invs. v. Superior Court*, 233 Cal.App.3d 572, 576, 284 Cal.Rptr. 495 (1991) (explaining peremptory change of judge right following reversal for new trial is inapplicable when the trial court's "function is merely a ministerial act (such as the recalculation of interest)"). On the issue of attorneys' fees, Mother contends that no new trial is required because all the trial court is required to do on remand is to

---

2. Father asserts that once he filed a notice of change of judge, the noticed judge had no authority to do anything other than transfer the case for reassignment. We disagree. When a notice of change of judge is filed, the judge assigned to the case is not automatically disqualified and may first determine the validity of the notice. *See Guberman v. Chatwin*, 19 Ariz.App. 590, 593, 509 P.2d 721, 724 (1973) (reasoning the noticed judge is best qualified to decide timeliness and waiver issues under Rule 42(f)).

"reapportion" the attorneys' fees based on undisputed previous findings and that the current trial judge is uniquely situated to perform this function.

¶ 9 Although we agree with Mother that a remand of an issue such as a mere recalculation of interest that does not require any additional evidence is a ministerial act that does not implicate Rule 42(f)(1)(E), we assume for purposes of our decision that Father is correct when he asserts that a full and proper resolution of the remanded issues may require that additional evidence be received and considered by the trial court. Nonetheless, because the "further proceedings" mandated by our memorandum decision contemplate a continuation of the proceedings already held rather than a de novo redetermination of the remanded issues, we conclude that they are not tantamount to a new trial on those issues for purposes of Rule 42(f)(1)(E).

¶ 10 Because not every case in which error is discovered on appeal needs to be remanded for an entirely new trial, Arizona's appellate courts are broadly empowered to remand cases for additional proceedings as "justice may require." *See* A.R.S. § 12–2103(A) (2003) ("The supreme court ... may remand the action to the court below with directions to render such judgment or order, or may direct that a new trial or other proceedings be had, as justice may require...."). In non-jury cases, our appellate courts have frequently exercised this authority by reversing or vacating a judgment and remanding for further proceedings that do not require complete retrial of an issue but are more limited in focus, such as the presentation of additional evidence, amendment of findings based on the record, and application of the correct legal standard based on the evidence already received.

¶ 11 The most common examples are cases in which a trial court's findings are deemed insufficient to comply with Rule 52(a). *See, e.g., Fritts v. Ericson,* 87 Ariz. 227, 234, 349 P.2d 1107, 1111 (1960) ("[W]e feel that if an intelligent disposition is to be made and justice done the judgment must be reversed and the case sent back to the trial court for more specific findings, these to be based upon the

evidence already adduced—or the taking of such additional testimony as may be deemed advisable by the trial court...."); *Miller v. McAlister,* 151 Ariz. 435, 437, 728 P.2d 654, 656 (App.1986) (reversing because the trial court failed to comply with Rule 52(a) and remanding with directions stating that the trial court "is free to formulate its findings and conclusions on the basis of the existing record and transcripts, or it may conduct further hearings or direct counsel to submit proposed findings and conclusions with accompanying legal memoranda and oral argument, if necessary"); *see also Miller v. Bd. of Supervisors of Pinal County,* 175 Ariz. 296, 300, 855 P.2d 1357, 1361 (1993) ("Where possible, when a trial court in a non-jury case fails to make or makes insufficient findings of fact and conclusions of law, a reviewing court should remand the case to the trial court for further findings.").

¶ 12 Even in the absence of a Rule 52(a) request, we have vacated trial court orders and remanded for further proceedings when the trial court's findings were insufficient to justify its award. In *Hughes v. Hughes,* 177 Ariz. 522, 869 P.2d 198 (App.1993), for instance, we remanded an order granting indefinite spousal maintenance for redetermination because the trial court failed to provide reasons for an award of indefinite duration: "In the absence of such an explanation, the trial court's exercise of discretion is essentially unreviewable; and we have been unable to supply the missing explanation from our independent review." *Id.* at 525, 869 P.2d at 201. *See generally* 5 Am.Jur.2d *Appellate Review* § 591 (1995) ("State appellate courts [ ] have the power to remand cases for further proceedings, including a new trial, the introduction of new evidence, clarification of a lower court's ruling, ... or entry of additional findings.") (footnotes omitted).

¶ 13 Similarly, in this case, as we explained in our previous memorandum decision, we were unable to ascertain how the trial court arrived at its determinations on the interest and attorneys' fees issues. For example, with respect to Father's claim to interest, we noted that "[n]either the judgment nor amended judgment addressed [the] issue" re-

garding "why the trial court found that interest should be applied to Father's unpaid child support and spousal maintenance obligations but not to Mother's unpaid obligation on the BMW." Mem. Decision at ¶ 16. Accordingly, we "remand[ed] for the court to consider this claim in light of the parties' stipulation." *Id.* at ¶ 17. Likewise, in awarding Mother attorneys' fees pursuant to § 25–324, the trial court merely stated that the award was "premised principally upon the reasonableness of the positions each party has taken throughout the proceedings," without specifying which of Father's positions were unreasonable. Because we could not tell whether, or to what extent, the trial court based its attorneys' fees award on its assessment of Father's position on the interest issue, we "vacate[d] the award of fees subject to the trial court's evaluation of the reasonableness of the parties' positions when taking into account the issues determined in this appeal." Mem. Decision at ¶ 39. Finally, in our last paragraph, we stated:

> We affirm the modification of child support based on the parties' respective incomes. We remand for the trial court to consider Father's entitlement to interest on Mother's unpaid obligation with respect to the BMW. Further, we vacate the trial court's award of attorneys' fees to Mother subject to the trial court's evaluation of the reasonableness of the parties' positions when taking into account the issues determined in this appeal.

*Id.* at ¶ 41.

¶ 14 Hence, because our remand was based on the insufficiency of the trial court's explanations, and not the insufficiency of the evidence, Father is not entitled to a new trial. *Compare Marcus v. Fox,* 150 Ariz. 333, 336, 723 P.2d 682, 685 (1986) (remanding to the trial court "for further proceedings" to clarify the basis for its decision denying attorneys' fees), *with Reed v. Reed,* 154 Ariz. 101, 106, 740 P.2d 963, 968 (App.1987) (remanding for a new hearing because the evidence was insufficient to support the particular child support increase ordered by the trial court). Accordingly, the trial court is not required to conduct an entirely new hearing when it reexamines the interest and attorneys' fees issues. Instead, it is at liberty to hold such proceedings as it deems necessary to comply with the directions in our memorandum decision.[3]

¶ 15 Our determination that our previous decision does not require a "new trial" as that term is used in Rule 42(f)(1)(E) is also consistent with the characterization of a peremptory change of judge as being a "matter of grace." *See Taliaferro,* 186 Ariz. at 223, 921 P.2d at 23 (quoting *Hickox v. Superior Court,* 19 Ariz.App. 195, 198, 505 P.2d 1086, 1089 (1973)). Absent a remand for a new trial, a party is not entitled to a judge who is ignorant of previous proceedings and may be more sympathetic to his position. *See Hofstra v. Mahoney,* 108 Ariz. 498, 500, 502 P.2d 1317, 1319 (1972) (refusing to treat a petition to modify custody as a new action permitting a peremptory challenge to same judge because the subsequent custody proceedings were "a continuation of the prior custody portion of the action" and "[a]ny other result would mean that the judge who tried the case, and who is therefore in the best position to determine the questions involved, can be automatically disqualified....").[4]

---

3. As we noted in ¶ 4, this case remained assigned to the same judge following remand and that is the context in which we decide the issue presented. We note that had the case been reassigned to a different judge for administrative reasons, that judge would have had the discretion to proceed on remand without instituting a new trial. *See* Rule 63. We caution, however, that "a successor judge is in no position to pass on the credibility of witnesses whom he has not seen." *Daru v. Martin,* 89 Ariz. 373, 378, 363 P.2d 61, 64 (1961). As amended in 1996, Rule 63 now permits a successor judge to recall witnesses.

4. We are cognizant that the reason for Rule 42(f)(1)(E) is to avoid the possibility of judicial bias when a case has been reversed on appeal and remanded for a new trial. *See King v. Superior Court,* 108 Ariz. 492, 493, 502 P.2d 529, 530 (1972). In our opinion, however, the specter of judicial resentment is virtually nonexistent when a case is remanded, as here, for clarification. In any event, if Father believes that the judge who previously presided over the matter is biased or prejudiced, he may seek to have the judge disqualified for cause pursuant to Rule 42(f)(2). *See id.*

 

### III.

¶ 16 In summary, our previous decision remanding two issues for further proceedings did not require that those issues be tried anew. Therefore, Father is not entitled to peremptorily change the judge pursuant to Rule 42(f)(1)(E) and the trial court did not abuse its discretion by denying Father's Notice of Change of Judge.

G. MURRAY SNOW and PATRICIA K. NORRIS, JJ., concur.