IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC -7 2006

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| RHONDA DENISE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2 CA-SA 2006-0075 |
| THE HON. DOUGLAS P. MITCHELL, | ) | DEPARTMENT B |
| Commissioner of the Superior Court of | ) | |
| the State of Arizona, in and for the | ) | O P I N I O N |
| County of Pima; and THE HON. JOHN S. | ) | |
| LEONARDO, Presiding Judge of the | ) | |
| Superior Court of the State of Arizona, in | ) | |
| and for the County of Pima, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HOWARD EDWARD SMITH, | ) | |
| | ) | |
| Respondent/Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. D 2004-0862

JURISDICTION ACCEPTED; RELIEF GRANTED IN PART

Schwanbeck & Present, P.L.L.C.
  by Victor R. Schwanbeck

Tucson
Attorneys for Petitioner

Everlove & Cossitt
  By Erika L. Cossitt

Tucson
Attorneys for Respondent/Real
Party in Interest

_____

E S P I N O S A, Judge.

¶1       In this special action, petitioner Rhonda Smith challenges both the respondent judge's and respondent commissioner's denials of her requests for a change of judge, arguing that each applied an incorrect legal standard in ruling on her requests. We accept jurisdiction of the special action and grant relief.

**Jurisdiction**

¶2       It is appropriate that we accept jurisdiction of this special action because the denial of a peremptory request for a change of judge is properly reviewed only by special action. *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996). It is also appropriate because the issue here is solely a question of law. *ChartOne, Inc. v. Bernini*, 207 Ariz. 162, ¶ 8, 83 P.3d 1103, 1106-07 (App. 2004). And, because we conclude the respondent commissioner abused his discretion by committing an error of law in entering a discretionary ruling, we grant relief. *See* Ariz. R. P. Spec. Actions 3, 17B A.R.S.; *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 284-85 (2003).

2

**Factual and Procedural Background**

¶3 Rhonda filed a petition for dissolution of her marriage to real party in interest Howard Smith. After a trial, the respondent commissioner, who had been assigned to the case, signed a decree disposing of, *inter alia*, the parties' ownership interests in several parcels of real property. Rhonda appealed that decree and this court vacated the portion relating to the marital residence of the parties because the commissioner had applied the wrong legal presumption to determine the parties' respective interests. *Smith v. Smith*, 2 CA-CV 2005-0054 (memorandum decision filed Nov. 30, 2005). We remanded the case for redetermination of the ownership interests in the property, which required application of the correct presumption, a determination of whether Howard had rebutted the presumption, and a redetermination of payments necessary to provide an equitable distribution of the marital assets.

¶4 On remand, Rhonda filed a notice of change of judge pursuant to Rule 42(f)(1)(E), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, claiming her right to a peremptory change of judge had revived when the case was remanded.[1] The respondent commissioner denied the request, stating the case had not been remanded for a new trial. Rhonda then sought to

---

[1]Rule 42(f)(1)(A) provides each side with a change of one judge and of one commissioner as a matter of right. The rule further provides that a party "shall file a 'Notice of Change of Judge'" to exercise their rights. Ariz. R. Civ. P. 42(f)(1)(A). Accordingly, although Rhonda sought a change of the commissioner assigned to her case, we use the term "change of judge" for simplicity.

remove the respondent commissioner through a change of judge for cause under Rule 42(f)(2), which the respondent judge denied.

**Discussion**

¶5  Rule 42(f), Ariz. R. Civ. P., governs changes of judge in civil cases. Each side is entitled to one change of judge and one change of commissioner as a matter of right, provided the change is timely requested. Ariz. R. Civ. P. 42(f)(1)(A). This right may be waived either by agreement or by failing to exercise it before the challenged judge has heard any contested matter in the case. Ariz. R. Civ. P. 42(f)(1)(C), (D). We review the denial of a change of judge as of right for an abuse of discretion, but review the court's interpretation of Rule 42(f)(1)(E) *de novo*. *Anderson v. Contes*, 212 Ariz. 122, ¶ 5, 128 P.3d 239, 241 (App. 2006).

¶6  Rule 42(f)(1)(E) provides that a party's right to a change of judge is renewed after a case has been remanded to the trial court for "a new trial on one or more issues." But, if this right to a change of judge was previously exercised, it is not renewed upon remand. *See Brush Wellman, Inc. v. Lee*, 196 Ariz. 344, ¶ 14, 996 P.2d 1248, 1252-53 (App. 2000). Rhonda had not previously exercised her right to a change of judge in this case. In *Valenzuela v. Brown*, 186 Ariz. 105, 107, 919 P.2d 1376, 1378 (App. 1996), this court determined that a party was entitled to a peremptory change of judge following the reversal of a grant of partial summary judgment, because "the reason for the rule [is] avoiding the possibility of judicial bias after reversal and remand." *Id.* at 108, 919 P.2d at 1379. The

4

*Valenzuela* court explained that "[w]here, as here, the judge has made a decision on the merits of the case, he has shown unequivocally what he believes the proper outcome of the case to be . . . . The judgment now having been reversed, the policy reasons for permitting a change of judge as a matter of right on remand are all the more apparent." *Id*. at 109, 919 P.2d at 1380.

¶7         This rationale first appeared in *King v. Superior Court*, 108 Ariz. 492, 502 P.2d 529 (1972), where our supreme court explained the importance of the right to a change of judge after remand.

> In the case of an appeal, reversal and a remand for a new trial, it is always possible that the trial judge may subconsciously resent the lawyer or defendant who got the judgment reversed. The mere possibility of such a thought in the back of a trial judge's mind means that a new judge should be found.

*Id.* at 493, 502 P.2d at 530.

¶8         In *Evans v. Evans*, 117 Ariz. 561, 561, 574 P.2d 49, 49 (App. 1977), this court had remanded a case to the trial court, finding it "error to modify custody without affording both parents an opportunity to present evidence of all the circumstances which might affect the court's determination of the primary question." Although the case was specifically remanded for further proceedings in the custody matter, we held that "petitioner's timely request for a change of judge should have been honored." *Id*. at 562, 574 P.2d at 50. The *Evans* decision did suggest the result might have been different if the judge assigned to the case after remand had heard the earlier case, as in *Hofstra v. Mahoney*, 108 Ariz. 498, 502

5

P.2d 1317 (1972). However, *Hofstra* addressed newly initiated post-decree proceedings to enforce or modify an existing final decree, not a remand following the appeal of the initial decree. *Id*. at 498, 502 P.2d at 1317; *see Ross v. Superior Court*, 109 Ariz. 414, 414, 510 P.2d 386, 386 (1973).

¶9 In contrast, *Anderson* was a special action following the appeal of post-decree proceedings that had apparently been resolved without an independent hearing. In the appeal, Division One of this court had remanded the case "'for further proceedings' on Father's claims that the trial court failed to award him interest on the BMW debt and that the award of attorneys' fees was improper." *Anderson*, 212 Ariz. 122, ¶ 3, 128 P.3d at 240. On remand, Father requested a change of judge, which the trial court denied by "limiting the remanded issues to oral argument based 'on the evidence presented at the time of trial in 2003.'" *Id*. ¶ 4. Division One determined that because the "further proceedings" it had referred to in the appeal were "a continuation of the proceedings already held rather than a de novo redetermination of the remanded issues," it was not a new trial as contemplated by Rule 42(f)(1)(E). *Id*. ¶ 9.

¶10 The issues on remand in *Anderson* were limited—why the trial court had assessed interest on unpaid debts against one spouse but not the other and for clarification of which of the father's positions the trial court had considered unreasonable to justify awarding the mother attorney fees. *Id*. ¶ 13. Thus, the case had been remanded based on "the insufficiency of the trial court's explanations, and not the insufficiency of the evidence."

6

*Id.* ¶ 14. No part of the decree had been vacated and the trial court was not required to make any new determinations of who was to receive certain property. In essence, Division One asked the trial court to explain why it had entered particular orders, not to enter new and potentially different ones.

¶11        The language of Rule 42(f)(1)(E)—a "new trial on one or more issues"— appears to be conclusive of the issue here. The court in *Anderson* emphasized the difference between an issue requiring a "de novo redetermination" and one requiring only "further proceedings." 212 Ariz. 122, ¶ 9, 128 P.3d at 242. Here, in contrast, we vacated the underlying judgment awarding the real property and remanded the case for a new determination of fact and law.[2] Because the judgment on that issue was vacated, it "restor[ed] the parties to the same position as if the [issue] had never been tried." *Tucson Gas & Elec. Co. v. Superior Court*, 9 Ariz. App. 210, 213, 450 P.2d 722, 725 (1969), *quoting Markel v. Transamerica Title Ins. Co.*, 103 Ariz. 353, 362, 442 P.2d 97, 106 (1968), *overruled on other grounds, Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 283, 697 P.2d 674, 676 (1985).

---

[2]We note the determination of whether a proceeding is a "trial" is not necessarily whether new evidence must be received. "A trial is 'the judicial examination of the issues between the parties, whether they be issues of law or fact.'" *Valenzuela v. Brown*, 186 Ariz. 105, 108, 919 P.2d 1376, 1379 (App. 1996). On the record before us, however, it is likely that new evidence would be required to comply with this court's directive to determine whether Howard can rebut a presumption that was not applied during the trial and to determine a corollary question left "open" in our prior decision. We do not suggest that a remand directing a trial court to merely reverse a legal conclusion and reconsider previously established facts would be a "new trial" for purposes of Rule 42(f)(1)(E).

7

¶12     On remand, the commissioner will have to determine anew the ownership of the property and the amount, if any, of compensation required to effect an equitable distribution of the assets. Thus, this would appear to be "a de novo redetermination of the remanded issue" which revives Rhonda's previously unexercised right to a peremptory change of judge. *See Muchesko v. Muchesko*, 191 Ariz. 265, 274, 955 P.2d 21, 30 (App. 1997) (vacating portions of a divorce decree and remanding to trial court with instructions: "[a]mong other issues to be *retried*, the trial court shall reconsider the award of the Schwab account and attribution of income to Husband based on that account") (emphasis added).

¶13     Howard's response, although focused on the change of judge for cause issue, relies heavily on criminal cases interpreting Rule 10.2, Ariz. R. Crim. P., 16A A.R.S. That rule, however, has no language corresponding to Rule 42(f)(1) (E) or specifically applying to post-remand proceedings applicable to a trial of "one or more issues." Ariz. R. Civ. P. 42(f)(1)(E). We note, too, that although Howard asserts the respondent commissioner's decree "specifically addresses [the correct] legal 'presumption' three (3) different times in paragraph six," and concludes this established "that the presumptions and evidence regarding the ownership of the Sierra Nevada property is not a 'new issue,'" a review of the decree shows the correct presumption was mentioned only to show it was *not* being applied. There was no indication that the presumption had been considered by the commissioner or was even an issue at the trial.

¶14 Howard additionally asserts that "[p]ublic policy concerns for judicial economy and tradition" support the same judge "rehear[ing] a case that has been remanded, reversed or ended in a mistrial." He relies on *King*, 108 Ariz. 492, 502 P.2d 529, claiming that case sets identical standards for a case that is mistried and a case that is remanded after appeal. In fact, *King*, as quoted above in ¶ 7, emphasized that remands are different from mistrials and should be treated differently. *Id*. at 493, 502 P.2d at 530. Moreover, this court directly addressed the issue in *Valenzuela*, stating "judicial economy is not a basis for denying a party the right to an automatic change of judge." 186 Ariz. at 109, 919 P.2d at 1380. The language of Rule 42(f)(1)(E) itself, with its provision for a new judge after a case has been reversed and remanded, undercuts this claim.

¶15 Rhonda also challenges the respondent judge's denial of her request for a change of judge for cause, but we see no error in that ruling. Although the respondent commissioner erred by not granting the initial request for a peremptory change of judge, the respondent judge's ruling was correct because a ruling in a case, without more, cannot be the basis of a request for a change of that judge for cause. *See Smith v. Smith*, 115 Ariz. 299, 303, 564 P.2d 1266, 1270 (App. 1977) ("It is generally conceded that the bias and prejudice necessary to disqualify a judge must arise from an extra-judicial source and not from what the judge has done in his participation in the case.").

**Disposition**

**¶16**        Accordingly, we accept jurisdiction, grant relief on the denial of the peremptory change of judge, and remand this matter to the trial court for proceedings consistent with this decision.  In our discretion, Rhonda's request for attorney fees pursuant to A.R.S. § 25-324, consistent with our previous determination under that statute of the relative financial positions of the parties, is denied.


_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge