NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PUBLIC STORAGE, INC., *Petitioner*,

*v.*

THE HONORABLE JOSEPH R. GEORGINI, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of PINAL,
*Respondent Judge*,

SALLY SCHNEIDER DUNCAN; DAVID DUNCAN; TIFFANY ROBERTS,
*Real Parties in Interest.*

No. 1 CA-SA 22-0222
FILED 2-9-2023

Petition for Special Action from the Superior Court in Pinal County
No. CV2020-010440
No. CV2020-010510
The Honorable Joseph R. Georgini, Judge
The Honorable Stephen F. McCarville, Judge (retired)

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Sean P. Healy and Robert C. Ashley
*Co-Counsel for Petitioner*

Hagens Berman Sobol Shapiro LLP, Phoenix
By Robert B. Carey, John M. DeStefano, and E. Tory Beardsley
*Co-Counsel for Real Party in Interest Tiffany Roberts*

Osborn Maledon PA, Phoenix
By Geoffrey M.T. Sturr
*Counsel for Real Parties in Interest Sally Schneider Duncan and David Duncan*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1** Public Storage, Inc. petitions for special action and seeks reversal of the superior court's denial of its notice of change of judge under Arizona Rule of Civil Procedure Rule 42.1(e). We grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Public Storage executed storage unit rental agreements with petitioners Sally Schneider Duncan, David Duncan, and Tiffany Roberts ("renters"). Each renter agreed to arbitrate claims or disputes arising from their relationship with Public Storage. After a thief stole property from their units, the renters sued Public Storage. Public Storage moved to dismiss and compel arbitration. The superior court denied Public Storage's motion, finding that the rental agreements were void because Public Storage fraudulently induced the renters to enter them. Public Storage appealed.

**¶3** On appeal, this court held that the superior court's ruling conflicted with the separability doctrine. *Duncan v. Public Storage, Inc.*, 253 Ariz. 15, 21, ¶ 22 (App. 2022). We concluded the superior court erred by finding the entire rental agreements void and should have instead determined whether the arbitration clauses were void. *Id.* The superior court needed to resolve the parties' dispute about why the renters agreed to arbitration. *Id.* at 21–22, ¶ 24.

**¶4** We also stated the renters preserved the argument that the arbitration clauses were void "but only by the thinnest of margins." *Duncan*,

2

253 Ariz. at 21, ¶ 24. We noted, "[t]he better practice is to submit evidence or to request an evidentiary hearing." *Id.* We remanded for the superior court to determine "whether Public Storage fraudulently induced the renters to agree to arbitration." *Id.* at 22, ¶ 25.

**¶5**　　　　On remand, the renters requested an evidentiary hearing on the issue. In response, Public Storage filed a notice of change of judge as of right, citing Rule 42.1(e). After the parties fully briefed the issue, the superior court denied Public Storage's motion for a change of judge. The court found that Rule 42.1(e) did not apply because "no new trial was ordered" by the appellate court.

**¶6**　　　　Public Storage petitioned for special action. We accept jurisdiction because "the issue here is solely a question of law" and "the denial of a peremptory request for a change of judge is properly reviewed only by special action." *Smith v. Mitchell*, 214 Ariz. 78, 79, ¶ 2 (App. 2006).

## DISCUSSION

**¶7**　　　　"We review the denial of a change of judge as of right for an abuse of discretion, but [we] review the court's interpretation of [Rule 42.1(e)] *de novo*." *Smith*, 214 Ariz. at 80, ¶ 5.

**¶8**　　　　"In actions remanded from an appellate court, the right to a change of judge is renewed . . . if the appellate decision requires a new trial" and if the party requesting a change of judge has not already exercised this right. Ariz. R. Civ. P. 42.1(e). Public Storage has not previously exercised this right. The parties dispute whether this court's directions on remand "require[] a new trial" under Rule 42.1(e).

**¶9**　　　　Rule 42.1(e) "turns on what the superior court must do after the appeal . . . to resolve the error." *Coffee v. Ryan-Touhill*, 247 Ariz. 68, 73, ¶ 22 (App. 2019). In *Coffee,* this court remanded a superior court order and directed the superior court to conduct an evidentiary hearing and redetermine the issue. *Id.* at 70–71, ¶ 8. The decision renewed the petitioner's "right to change trial judges under 42.1(e) because [it] directed the superior court to reexamine issues it already decided based on evidence it never heard." *Id.* at 72, ¶ 19.

**¶10**　　　　On the other hand, in *Anderson v. Contes*, the appellate court's remand did not renew the right to a new judge because the appellate court did not order the superior court to revisit issues based on new evidence. 212 Ariz. 122, 125–26, ¶¶ 9, 14 (App. 2006). Rather, the court remanded for "further proceedings" that were merely a "continuation of the proceedings

already held." *Id.* at 125, ¶ 9. Because the court's "remand was based on the insufficiency of the trial court's explanations, and not the insufficiency of the evidence," the appellate decision did not require a new trial. *Id.* at 126, ¶ 14.

¶11　　　　"[O]ur appellate courts have frequently exercised [the power to remand] for further proceedings that do not require complete retrial of an issue but are more limited in focus, such as . . . an application of the correct legal standard based on the evidence already received." *Anderson*, 212 Ariz. at 125, ¶ 10. Holding the court failed to apply the separability doctrine, we vacated and remanded the denial of Public Storage's motion to compel arbitration so that the superior court could examine whether the rental agreements' arbitration clauses, rather than the entire rental agreements, were enforceable. *Duncan*, 253 Ariz. at 18, 23, ¶¶ 1, 32. We said submitting evidence or requesting an evidentiary hearing would be "[t]he better practice." *Duncan*, 253 Ariz. at 21, ¶ 24. But we did not require the court to decide the issue based on new evidence. *See id.* at 21–22, ¶¶ 22–24; *cf. Coffee v. Ryan-Touhill*, No. 1 CA-SA 18-0217, 2018 WL 5117110, at *5, ¶ 22 ("[W]e remand for the superior court to conduct an appropriate evidentiary hearing.").

¶12　　　　Though admittedly by thin margins, the renters sufficiently preserved the arbitration clause issue for this court to recommend, rather than require, that evidence be presented. *See Duncan*, 253 Ariz. at 22, ¶ 24. Because we did not require new evidence on remand, this suggests the superior court could resolve the identified error by clarifying its findings and explaining whether Public Storage fraudulently induced the renters to agree to arbitration. Such a proceeding would not amount to a new trial under Rule 42.1(e). *See Anderson*, 212 Ariz. at 126, ¶ 14.

¶13　　　　Because this court did not "require[]" a new trial on remand, Public Storage is not entitled to a change of judge. *See* Ariz. R. Civ. P. 42.1(e)(1) (On remand, "the right to a change of judge is renewed . . . if the appellate decision requires a new trial."). Thus, the superior court did not abuse its discretion by denying Public Storage's motion for a change of judge.

**CONCLUSION**

¶**14**     We accept jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA